BLUN *et al. vs.* MACKALL, JR., *et al.*

Where two cases in equity were consolidated and referred to a master in chancery, and pending the case, a certain sum was awarded to him as compensation for his services, to be paid out of the fund in the hands of the receiver appointed in the cases, the court reserving the question as to which of the litigants should pay the compensation as costs until the final disposition of the cases, this was not such a final judgment as could be excepted to

and brought to this court by the defendants in the suits; and the writ of error taken thereto by them will be dismissed.

November 9, 1886.

Practice in Supreme Court.

Reported in the decision.

John M. Guerard; W. S. Basinger; Lawton & Cunningham, for plaintiffs in error.

W. G. Charlton; Geo. A. Mercer; Chisholm & Erwin, for defendants.

Blandford, Justice.

When this case was called, the defendants in error moved to dismiss the writ of error on the ground that the same was prematurely sued out to this court. It appears from the record that two cases in equity are pending in Chatham superior court, which were consolidated—that of Florence V. Woodbridge *vs.* Richard W. Woodbridge, administrator, *et al.*, and Eliza A. Woodbridge, guardian, *et al.* *vs.* Richard Woodbridge, administrator, *et al.;* that Wm. W. Mackall, jr., was appointed receiver in said cases, and that afterwards he was appointed master in equity to take an account, etc. between the parties in said causes. At a subsequent term, the court awarded him a sum of money for his services as auditor in said causes, and the question as to which of the litigants shall pay the compensation as costs was held up until the final disposition of the cases. To this decree the defendants filed a bill of exceptions *pendente lite*, and afterwards, and before the final termination of said cases, brought this writ of error to review the decree aforesaid.

The court is of the opinion that the motion to dismiss is well taken. The order complained of may never hurt the plaintiffs in error; it may be, upon the final hearing,

that the sum awarded to the auditor for compensation may be taxed as costs against the plaintiffs, and not the defendants; and if taxed against the defendants, they can protect themselves by their bill of exceptions *pendente lite*. The order complained of is not such a final decree as by our statutes will authorize the parties to bring the case before this court for review until the cases are finally disposed of in the court below.

Let the writ of error be dismissed.